```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


JOHN DATUS,                        :
                                   :   Civil Action No. 05-1172(FSH)
            Petitioner,            :
                                   :
      v.                           :   OPINION
                                   :
STATE OF NEW JERSEY, et al.,       :
                                   :
            Respondents.           :
```

**APPEARANCES:**

    JOHN DATUS, Petitioner pro se
    BOP # 22665-265
    Federal Detention Center
    01-02-00001-S/1198-04-03I
    P.O. Box 5010
    Oakdale, Louisiana 71463

**HOCHBERG**, District Judge

    This matter is before the Court on petitioner John Datus' application for habeas corpus relief under 28 U.S.C. § 2241. For the reasons set forth below, the petition will be dismissed.

## I.  BACKGROUND

    Petitioner, John Datus ("Datus"), is presently confined at the Federal Detention Center in Oakdale, Louisiana. He is apparently subject to an order of removal from the United States, or is awaiting completion of his removal proceedings.

    Datus submitted papers to this Court addressed to the Essex County District Court for Essex County, New Jersey. It appears that Datus is challenging his state court conviction by guilty plea on the ground of ineffective assistance of counsel.

Specifically, Datus claims that he would not have pled guilty if he had been made aware of the consequences of his guilty plea, namely, that he would be subject to deportation.  Although petitioner does not provide the date of final judgment of conviction, he alleges that he is within the five-year limitations period to file a state post-conviction relief motion under N.J.Ct.R. 3:22-4.  The pleading filed by Datus specifically seeks post-conviction relief in order to invalidate his guilty plea and the collateral consequences of that plea and conviction, namely, removal from the United States.  Datus alleges that a writ of habeas corpus in this Court is appropriate "as the court which sentenced Petitioner in this case is now under protest." (Petition, pg. 1).

## II.  STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Datus brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III.  ANALYSIS

Datus broadly requests relief from the effects of his state court conviction, which has resulted in removal proceedings, a final order of removal, or his anticipated removal from the United States.  The petition may be construed as a habeas petition under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254.  However liberally it construes the petition, this Court lacks jurisdiction to grant any relief.

A.  Section 2241

Section 2241 of Title 28 of the United States Code provides that "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions."  28 U.S.C. § 2241(a).  Personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner

3

resides.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Valdivia v. I.N.S., 80 F. Supp. 2d 326, 332-333 (D.N.J. 2000). Here, the only custodian of Datus is the warden of the Federal Detention Center in Oakdale, Louisiana, where Datus was being held at the time he filed his habeas petition.  This Court lacks personal jurisdiction over the petition because the proper custodian of the petitioner resides in Oakdale, Louisiana. Accordingly, the § 2241 habeas petition may be dismissed on this jurisdictional ground.

Moreover, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  The Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.  This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. That the district director has the power to release the detainees does not alter our conclusion.  Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d at 507; see also Valdivia, 80 F. Supp.2d at 333.  Thus, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.  See Morehead v.

California, 339 F.2d 170, 171 (9th Cir. 1964). Here, Datus names only the State of New Jersey as a party respondent. As explained infra, Datus is not in custody pursuant to a state court conviction. Therefore, the petition may alternatively be dismissed on this ground.

B.   Section 2254

   Datus' application also may be construed as a habeas petition pursuant to 28 U.S.C. § 2254 which provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be **in custody** under the conviction he is attacking when the petition is **filed**, in order for this Court to have jurisdiction. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

   No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed. Indeed, the Supreme Court held that its decision in Carafas v. LaVellee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether

the statutory 'in custody' requirement was satisfied.  Maleng, 490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238).  The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed.  Maleng, 490 U.S. at 492 (*citing* Carafas, 391 U.S. at 238).  Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[1]  Maleng, 490 U.S. at 492.

Here, it is evident that the state court conviction and sentence now challenged by Datus had fully expired before he filed for federal habeas relief.  Possibly due to an awareness of this fact, the petition is styled as a petition for post-conviction relief or as a writ of *error coram nobis*.  In this manner, Datus attempts to challenge his removal proceedings and/or order based upon the alleged illegality of his underlying state conviction, which sentence had expired before he filed this

---

[1] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

action.  He seeks to invalidate his conviction on the ground that his guilty plea was unknowing and involuntary due to the ineffectiveness of his counsel in explaining the consequences of a guilty plea.  Datus does not indicate that he has challenged his state court conviction on these grounds in the appropriate state court before resorting to a federal habeas action under § 2254.

A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review.  United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000).  However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court. 28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp.2d 127, 136 (D.N.J. 2001).  Consequently, the Court cannot construe Datus' petition as a writ of *error coram nobis*.  Instead, Datus' only course for relief from the collateral consequences[2] of his expired state conviction is to bring a common law writ of *error coram nobis,* or a petition for post conviction relief, in the state court where he was convicted.

Moreover, in Drakes v. I.N.S., 205 F. Supp.2d 385 (M.D. Pa. 2002), aff'd, 330 F.3d 600 (3d Cir. 2003), the Middle District of

---

[2] The Court recognizes that Datus' impending removal from the United States may be considered a collateral consequence of his state court conviction.

Pennsylvania addressed an issue similar to that posed in the instant case.  Drakes sought to challenge his removal order by arguing that during his state criminal proceedings he received ineffective assistance of counsel, his guilty plea was not knowing and intelligent, and his rights under the Vienna Convention were violated.  See id. at 387.  The court granted the INS's motion to dismiss.  Citing two Supreme Court cases, the court held that an alien "may not, under § 2241, challenge a removal order by contesting the legality of an underlying state conviction."  Id. (citing Daniels v. United States, 532 U.S. 374 (2001); Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001)).  Two exceptions to this rule were noted:  (1) where the Sixth Amendment was violated by failure to appoint counsel; and (2) in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."  Id. at 388 (quoting Daniels, 532 U.S. at 382, 384; Coss, 532 U.S. at 404-406).

   The court reasoned that the alien had the opportunity to challenge his state convictions by way of direct appeal and post-conviction relief, as well as by way of a petition for habeas relief pursuant to 28 U.S.C. § 2254.  See id. at 388-89.  The court further noted the state's interest in preserving the finality of the criminal conviction, and that allowing the alien to challenge this conviction in an immigration proceeding would

"undermine Congress's goal of expeditiously removing criminal aliens." Id. at 390.

Additionally, in Neyor v. I.N.S., 155 F. Supp.2d 127 (D.N.J. 2001), the District of New Jersey considered a similar issue. In that case, a prisoner being held in INS custody challenged his underlying conviction under § 2254. The court found that he could not attack his underlying conviction under § 2254 because his sentence had expired. See id. at 132. Therefore, the court construed his petition as one under § 2241, which attacked his current confinement. See id. at 134.

Next, the court addressed the question of whether an INS detainee in removal proceedings may bring a habeas petition to attack the validity of his underlying conviction. See id. The court held that it "should not review the validity of an expired conviction under § 2241 when that conviction serves as a predicate for INS detention." Id. at 137. Citing Daniels and Coss, the court noted that the state had an interest in finality of convictions, and that "the vehicles of direct appeal, post-conviction proceedings, and habeas petitions under § 2254" are not available "indefinitely and without limitation." Id. at 137 (quoting Daniels, 532 U.S. at 381).

Based on the foregoing cases, the Court finds that Datus' petition for habeas relief under either § 2254 or § 2241 must be denied on jurisdictional grounds. The petition fails to satisfy

9

the "in custody" requirement under § 2254 and there is no personal jurisdiction under § 2241.  It appears that Datus' only recourse to challenge his state court conviction, so as to remove the ground for his pending deportation, is to file an application in the appropriate state court for post-conviction relief or a writ of *error coram nobis*.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

10

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## **CONCLUSION**

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254, and because this Court has no personal jurisdiction over petitioner's custodian in Oakdale, Louisiana, pursuant to 28 U.S.C. § 2241(a). No certificate of appealability will issue. An appropriate Order accompanies this Opinion.

                                              /s/ Faith S. Hochberg
                                              United States District Judge

Dated: July 11, 2005